UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV128-3-V
(5:06CR18-1-V)

| | |
|---|---|
| RAMIRO GOMEZ AGUILAR,  )<br>  )<br>  Petitioner,  )<br>  )<br>  v.  )<br>  )<br>UNITED STATES OF AMERICA  )<br>  )<br>  Respondent.  )<br>  ) | **O R D E R** |

**THIS MATTER** is before this Court upon Petitioner's "Motion to Vacate, Set Aside, Or Correct Sentence," filed October 27, 2008. After having carefully reviewed the Petitioner's Motion, the record of the Petitioner's criminal case and the relevant legal precedent, the Court concludes, out of an abundance of caution, that the Petitioner's Motion to Vacate should be granted, but only for the purpose of allowing him to pursue a direct appeal of his conviction and sentence in his underlying criminal case.

## I. FACTUAL AND PROCEDURAL

According to the record, Petitioner was named in a two-count Bill of Indictment which charged him with conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846 and 841 (b)(1)(A) and knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1),

1

841(b)(1)(A) and 18 U.S.C. § 2. On January 8, 2007, Petitioner entered into a plea agreement whereby he agreed to plead guilty to Count One of the Bill of Indictment and the Government agreed to dismiss Count Two at the time of sentencing. Petitioner was sentenced on October 11, 2007 to 120 months imprisonment.

The Petitioner did not directly appeal his conviction or sentence. Rather, on October 27, 2008, the Petitioner filed the instant Motion to Vacate. By this Motion, Petitioner alleges three claims of relief – the most important one being that trial counsel was ineffective for having failed to file an appeal as the Petitioner desired. In particular, Petitioner asserts that after the Court advised him of his right to an appeal at his sentencing hearing, he "informed counsel of his wishes and interest in filing an Appeal . . . ." Petitioner further explained that although his counsel did not "consult with [him] as to whether an appeal would be file, nevertheless, [he] expressed an interest in filing one." (Memo in Support of Motion to Vacate at 3.)

Upon careful consideration of this matter, the Court finds that the Petitioner's Motion to Vacate should be granted for the limited purpose of allowing him to perfect a direct appeal.

## II. ANALYSIS

Indeed, it is well settled that an attorney's failure to file an appeal when requested by his client to do so is per se ineffective assistance of counsel, irrespective of the merits of the appeal. United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993); see also Evitts v. Lucey, 469 U.S. 387, 391-405 (1985) (same); United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

In the instant case, Petitioner has alleged that after he was sentenced, he specifically asked

2

counsel to file an appeal on his behalf and that no appeal was filed. Even if the government were to file an answer or otherwise file a response with an affidavit or other document in which counsel simply denies having known that the Petitioner wanted to appeal, this Court still would be compelled to give the Petitioner the benefit of the doubt.

Therefore, in accordance with the case law of this Circuit, the Court finds that the Petitioner's Motion to Vacate should be <u>granted</u>. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Thus, the Court will vacate its Judgment so that the Petitioner may appeal his conviction and/or sentence.

### III. <u>NOTICE OF APPELLATE RIGHTS</u>

Mr. Aguilar, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any government appeal is filed with this Court, whichever day comes later. The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you are now indigent an unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees.

### IV. <u>ORDER</u>

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the Petitioner's Motion to Vacate is **GRANTED**;

2. That the Petitioner's original Judgment is **VACATED** due to counsel's failure to file

an appeal on the Petitioner's behalf;

3. That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as indicated on the original Judgment form;

4. That the Petitioner may appeal from his new Judgment as has been explained in this Order; and

5. Petitioner's Motion to Proceed In Forma Pauperis (attached to Motion to Vacate) is **DENIED** as moot. A motion to vacate does not require a filing fee; therefore, in forma pauperis status is not necessary to proceed with the case.

**SO ORDERED**.

Signed: November 3, 2008

Richard L. Voorhees
United States District Judge